# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Jessie D.,**
**Petitioner Below, Petitioner**

**FILED**

**May 3, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 17-0582** (Mingo County 16-C-174)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jessie D.,[1] pro se, appeals the May 22, 2017, order of the Circuit Court of Mingo County denying his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[2] by counsel Julianne Wisman, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 28, 1995, a Mingo County jury found petitioner guilty of four counts of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Since the filing of the appeal in this case, the superintendent at Mount Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents".   *See* W.Va. Code § 15A-5-3.

1

first-degree sexual assault and four counts of sexual abuse by a parent, guardian, or custodian. The circuit court subsequently sentenced Petitioner to an aggregate term of thirty-five to eighty-five years of incarceration.

Prior to the instant habeas corpus proceeding, petitioner filed six previous habeas petitions. Petitioner had an omnibus hearing on February 8, 1999, in connection with his first habeas proceeding. Petitioner's habeas attorney submitted a *Losh* checklist indicating each and every ground that Petitioner felt might entitle him to relief.[3] The circuit court inquired on the record whether habeas counsel had discussed with petitioner all grounds that might apply to his case and had advised petitioner that any grounds not raised would be deemed voluntarily and intentionally waived. Petitioner's habeas attorney informed the circuit court that he had discussed with his client every potential ground for relief and had explained the conclusive effect of a final decision on successive habeas petitions. Petitioner signed the *Losh* checklist submitted by his attorney and initialed all the grounds he wished to assert. The circuit court accepted the checklist, admitted it into the record, and accordingly found that Petitioner had knowingly and intelligently waived all grounds for relief not asserted.

On March 19, 1999, the circuit court entered a final order denying all grounds for relief with the exception of the ground alleging that petitioner had been sentenced under the wrong version of West Virginia Code § 61-8B-3, regarding two of his first-degree sexual assault convictions. The circuit court granted relief on that ground and resentenced petitioner under the version of West Virginia Code § 61-8B-3 in effect at the time of the commission of those offenses.

Subsequently, in petitioner's sixth habeas proceeding, the circuit court held an evidentiary hearing on April 4 and 25, 2011, ("2011 hearing") given petitioner's claim that his prior habeas attorney provided ineffective assistance. However, petitioner's attorney at the 2011 hearing ("2011 counsel") explained that Petitioner's ineffective assistance claim was ultimately based on trial counsel's performance in the underlying criminal case because his "[prior] habeas counsel failed to recognize" certain errors of Petitioner's trial attorney. Accordingly, the circuit court determined that Petitioner was precluded from re-raising that claim, finding:

> So, based upon all those matters, every opportunity has been given in the past to fully litigate all those issues and they, in fact, have been litigated. The omnibus proceeding has already been held. Therefore, we are holding this proceeding as a subsequent habeas proceeding and the Court finds that all the issues that are set forth in the transcript with regard to actions by trial counsel, actions by the trial court, actions by the prosecuting attorney, by the jury, and by the spectators all were fully litigated or and raised and decided and appealed or they could have been

---

[3]In *Losh v. McKenzie*, 166 W. Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981), we compiled a nonexclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding.

with reasonable diligence because they were set forth in the transcript and all those issues were raised, litigated[,] and decided.

The 2011 hearing continued on the issue of newly discovered evidence, which may be raised in a successive habeas petition.[4] Petitioner intended to call Kyle S. to testify regarding comments that petitioner's son had allegedly made to Kyle S. that tended to support petitioner's claim of innocence. The comments, if true, would represent a change from petitioner's son's testimony at trial. Respondent objected on the ground of hearsay. Petitioner's 2011 counsel argued that Kyle S.'s testimony should be allowed because the comments that petitioner's son had made to him constituted statements against petitioner's son's interest given that it contradicted Petitioner's son's testimony at trial.[5] The circuit court sustained respondent's hearsay objection.

Petitioner presented the testimony of his stepdaughter, who was the victim in the underlying criminal case,[6] and his former wife. Both witnesses stood by their trial testimony. When questioned by petitioner's 2011 counsel, his stepdaughter testified as follows:

Q. So[,] if someone else said that you and your mother would laugh and joke about what happened to [Petitioner]—

A. —That's nothing to laugh about—the molestation of a child.

Q. So, that wouldn't be true?

A. No.

Q. And[,] you've never joked about putting an innocent man in jail?

---

[4]In syllabus point four of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we held:

A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; *newly discovered evidence*; or, a change in the law, favorable to the applicant, which may be applied retroactively.

(Some emphasis added.).

[5]Petitioner's son would have been a child when he testified at his father's trial.

[6]As reflected in the testimony of petitioner's stepdaughter, petitioner's sexual abuse of his stepdaughter occurred from the time she was five years old until the time she was eight years old. Petitioner's stepdaughter was eight years old when she originally testified at trial.

3

A Never[.]

. . . .

Q. So[,] you understand that this is your last chance that if any of that was untrue that this is our last chance to get thru that?

A. I will never change my statement. It happened, and I'll take a lie detector test. A five year old does not get Chlamydia at five if something did not happen to her.

The victim's mother responded to petitioner's 2011 counsel's questions as follows:

Q. If someone else were to say that you and [the victim] would laugh and joke about putting an innocent man in jail, is that true?

A. No, it isn't.

Q. Do you know why someone would say something like that?

A. I have no idea.

Q. You understand that this is the last opportunity if anything was said at trial that isn't true to correct that? Do you feel that anything was said at trial that isn't true?

A. No.

Q. So you stand by your testimony then and today?

A. Yes.

In its May 5, 2011, order denying petitioner's sixth habeas petition, the circuit court found that "[t]he witnesses both testified that their trial testimony was truthful, and testified that their testimony did not need changed or updated." Petitioner appealed the denial of habeas relief, but this Court affirmed the circuit court's May 5, 2011, order in [*Jessie D.*] *v. Ballard*, No. 11-1062, 2012 WL 6097616 (W. Va. Dec. 7, 2012) (memorandum decision).[7]

On September 23, 2016, petitioner filed a habeas petition alleging that his 2011 counsel provided ineffective assistance in his sixth habeas proceeding. By order entered May 22, 2017, the circuit court denied habeas relief, finding that:

. . . Petitioner asserts ineffective assistance of counsel as grounds for relief. However, in support of his argument, [p]etitioner merely reasserts all the grounds

---

[7]We take judicial notice of the record in *Jessie D.*

4

in his prior habeas corpus proceedings, adding an additional ground of ineffective assistance of counsel in the . . . habeas proceedings[,] and the allegations of ineffective [assistance] of counsel appears to this court to be a pretext to re-litigate issues previously fully litigated[.]

Petitioner now appeals the circuit court's May 22, 2017, order denying habeas relief. We apply the following standard of review in habeas appeals:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016). In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the following: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*).

On appeal, petitioner argues that his 2011 counsel failed to investigate and raise other claims in addition to the newly discovered evidence claim in his sixth habeas proceeding. Based on our review of the record, we concur with the circuit court's finding at the April of 2011 hearing that "all the issues that are set forth in the transcript with regard to actions by trial counsel, actions by the trial court, actions by the prosecuting attorney, by the jury, and by the spectators all were fully litigated" in prior proceedings. As we held in syllabus point two of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), "[a] judgment denying relief in post-conviction habeas corpus is *res judicata* on questions of fact or law which have been fully and finally litigated and decided, *and as to issues which with reasonable diligence should have been known but were not raised*[.]" (Some emphasis added.). In his first habeas proceeding, petitioner signed the *Losh* checklist submitted by his original habeas attorney to indicate each and every ground that petitioner felt might entitle him to relief after being advised that any grounds not raised would be deemed voluntarily and intentionally waived. Therefore, we agree with the circuit court's finding that any ground not raised at that time was waived.

With regard to petitioner's newly discovered evidence claim, we find that petitioner's 2011 counsel presented both argument and testimony in support of that claim in the sixth habeas proceeding. Based on our review of the record, we find that the denial of the newly discovered evidence claim was not because petitioner's 2011 counsel performed poorly, but because the claim lacked merit as both the victim and the victim's mother stood by their trial testimony. We further note petitioner's argument that the circuit court failed to make detailed findings with regard to his 2011 counsel's performance. However, we agree with respondent's position that the circuit court's

finding in its May 22, 2017, order, adequately stated the reason that petitioner's sixth habeas petition lacked merit: that petitioner was using the claim that his 2011 counsel provided ineffective assistance as "a pretext to re-litigate issues previously fully litigated[.]" Therefore, we conclude that the circuit court did not abuse its discretion in denying habeas relief.

For the foregoing reasons, we affirm the circuit court's May 22, 2017, order, denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**:  May 3, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison